UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧

**JAMES J. ELLIS, CLAUDIA B. CINQUANTI,
and SHARON L. PREZIOSO McLAUGHLIN,**

             **Plaintiffs,**            Consolidated civil actions
                                             94-CV-558 (Lead)
             **V.**                         94-CV-559
                                             94-CV-561

**APPLETON PAPERS, INC. and MOORE
BUSINESS FORMS, INC.,**

             **Defendants.**

✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧✧

APPEARANCES:

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
Michael R. Hugo, Esq., of counsel
Samuel M. Pollock, Esq., of Counsel
95 Commercial Wharf
Boston, Massachusetts 02110
Attorneys for Plaintiffs James J. Ellis and Cynthia B. Cinquanti

RICHARDSON, STOOPS, RICHARDSON, & WARD
Charles L. Richardson, Esq., of Counsel
Fred E. Stoops, Esq., of Counsel
Stephanie D. Phipps, Esq., of Counsel
6555 South Lewis, Suite 200
Tulsa, Oklahoma 74136
Attorneys for Plaintiff Sharon McLaughlin

BOND, SCHOENECK & KING. LLP
Thomas R. Smith, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202
Attorneys for Defendant Appleton Papers, Inc.
and
PORZIO, BROMBERG & NEWMAN, P.C.
Connie A. Matteo, Esq., of Counsel
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07960-1997
Attorneys for Defendant Appleton Papers, Inc.

SAPERSTON & DAY, P.C.
Gary J. O'Donnell, Esq., of counsel
800 First Federal Plaza
28 East Main Street
Rochester, New York 14614
and
GOLDBERG & SEGALLA, LLP
Valerie L. Barbic, Esq., of Counsel
2 State Street, Suite 805
Rochester, New York 14614
Attorneys for Defendant Moore Business Forms, Inc.

Brenda S. Smith, *pro se*
Proposed Intervenor

**Norman A. Mordue, Chief Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court is the motion by Brenda S. Smith (Dkt. No. 229) to intervene in this consolidated action. For the reasons set forth below, the motion is denied.

### BACKGROUND

In this consolidated toxic tort action, commenced on April 29, 1994, plaintiffs claim that, during the course of their employment by Tompkins County Department of Social Services in Ithaca, New York, they were exposed to carbonless copy paper manufactured by defendants Appleton Papers, Inc. ("Appleton") and Moore Business Forms, Inc. ("Moore"), and that they were injured by toxic substances contained in the paper. On February 14, 2006, this Court issued a Memorandum-Decision and Order (Dkt. No. 226) granting defendants' motions (Dkt. Nos. 217, 218) to preclude plaintiffs' expert witnesses from offering expert testimony in the case. Thereafter, on March 6, 2006, Brenda S. Smith, *pro se*, made this motion to intervene (Dkt. No. 229).

On March 30, 2006, Appleton filed a Notice of Settlement (Dkt. No. 231). On the same date, the Court signed a Judgment (Dkt. No. 233) which preserved the motion to intervene.

Defendants oppose Smith's motion to intervene. Attached to Appleton's papers in opposition to intervention (Dkt. No. 238, Exh. 1) is the transcript of a deposition of Smith taken in the context of the instant consolidated action in June 2000. Smith testified that she became ill during her employment at Bell Atlantic (formerly Chesapeake & Potomac Telephone Co. of Va.) in Virginia; that Bell Atlantic terminated her employment in February 1992; and that in February 1993 she came to the conclusion that the cause of her injury was carbonless copy paper. Her application for Workers' Compensation was denied on the ground that she failed to demonstrate that her conditions were an occupational disease. The denial was affirmed. *Smith v. Chesapeake & Potomac Telephone Co. of Va.*, 1995 WL 228247 (Va.App. 1995).

According to Smith, she first became involved in litigation against Appleton and Moore in Virginia in July 1993. She states that the parties "refiled" that action in Maryland in July 1994. The Maryland action was dismissed. *Helinski v. Appleton Papers*, 952 F.Supp. 266 (D.Md. 1997), *aff'd Miller-Jackson v. Mead Corp.*, 139 F.3d 891 (4th Cir. 1998).

Smith brought another action against Appleton in Virginia in 2002. That action was dismissed. *Smith v. Appleton Papers, Inc.*, No CA-01-965-2 (E.D.Va. 2002), *aff'd* 42 Fed.Appx. 591 (4th Cir. 2002).

Smith had knowledge of litigation brought by Nancy Rutigliano in New Jersey District Court, *Rutigliano v. Valley Business Forms*, 929 F.Supp. 779 (D.N.J. 1996) (granting summary judgment dismissing action), *aff'd Valley Bus. Forms v. Graphic Fine Color, Inc.*, 118 F.3d 1577 (3d Cir. 1997). Smith testified at her deposition that she learned about Rutigliano's lawsuit in 1994 and that she and Rutigliano maintained "regular" telephone contact thereafter. In 2000,

-3-

New Jersey District Court entered a permanent injunction enjoining "Nancy Rutigliano, her agents, deputies, servants, employees, attorneys, and Brenda Smith and Sharon McLaughlin, who have been acting in concert or participation" with Rutigliano from disseminating documents subject to a Protective Order issued by that Court.  Smith's motion to set aside the injunction and the underlying protective order was denied. *Rutigliano v. Appleton Papers, Inc.*, 2000 WL 1705152 (D.N.J.).

When questioned at her deposition about Sharon McLaughlin, Smith testified: "Sharon McLaughlin is a plaintiff ... with litigation against Appleton and, I believe, Moore, product liability.  She lives in Ithaca, New York."  Smith stated that she had spoken with McLaughlin by telephone on numerous occasions beginning in 1994 or 1995, and that at the time of the deposition in 2000 they were in almost daily telephone contact.  She also stated that in 1995 or 1996 she, McLaughlin and Cinquanti met and discussed with two lawyers[1] the possibility of the lawyers' "taking over all of the current cases" (which presumably would have included McLaughlin's, Cinquanti's, and Smith's claims).  Smith's deposition testimony made it clear that she possessed detailed knowledge of the progress of McLaughlin's lawsuit in this Court.

## DISCUSSION

A motion to intervene is governed by Rule 24 of the Federal Rules of Civil Procedure.[2]

---

[1] The two lawyers with whom they met, Robert E. Sanders, Esq. and J. Fox DeMoissey, Esq., contacted the Court on July 15, 1996, stating that they had agreed to represent the plaintiffs in this matter contingent upon finding local counsel in the Syracuse area (Dkt. No. 44).  They never appeared in the action.

[2] Fed. R. Civ. P. 24 provides in pertinent part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction

-4-

Smith does not specify whether she seeks intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b). As discussed below, intervention is unwarranted under either rule.[3]

The Court first considers Rule 24(a), which provides for intervention as of right where the proposed intervenor "(1) file[s] a timely motion; (2) show[s] an interest in the litigation; (3) show[s] that its interest may be impaired by the disposition of the action; and (4) show[s] that its interest is not adequately protected by the parties to the action." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001). A determination of timeliness under Rule 24(a) is within the sound discretion of the district court, in light of the totality of the circumstances before it. *Id.* Factors bearing on the issue of timeliness include how long the applicant had notice of her interest in the litigation before moving to intervene; prejudice to existing parties resulting from any delay; and prejudice to the applicant if the motion is denied. *Id.* With respect to the requirement of an interest in the litigation, intervention as of right requires a showing that disposition of the proceeding without the involvement of the proposed intervenor "would impair the intervenor's

---

which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. ***

[3] As defendants point out, Smith's motion is defective because she does not attach a copy of the proposed complaint as required by Rule 24(c). In light of Smith's *pro se* status, the Court does not treat this defect as determinative.

ability to protect its interest." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990).

Smith has failed to demonstrate an interest in the litigation within the meaning of Rule 24(a). The claim she wishes to pursue here arises from personal injuries she allegedly sustained from exposure to carbonless copy paper. Disposition of plaintiffs' claims stemming from their alleged personal injuries from exposure to carbonless copy paper does not impair any claim Smith might have arising from her alleged personal injury. If Smith has a legally viable claim, nothing occurring in the instant action can impair it.

Nor, under the circumstances here, is Smith's intervention motion timely as required by Rule 24(a). Smith's own testimony and the history of her litigation activity demonstrate that she knew of her injuries and associated them with carbonless copy paper in 1993; that she has known about McLaughlin's case and maintained frequent contact with McLaughlin since no later than 1995; that in 1995 or 1996 she, McLaughlin and Cinquanti met and discussed their claims with lawyers; that she was deposed in the instant action in 2000; and that her efforts to litigate her case in Maryland and Virginia ended in 2002. Thus, Smith has known of this case for over ten years. She offers no explanation for her delay in seeking intervention.

Moreover, it does not appear that denial of intervention under Rule 24(a) will prejudice Smith or deprive her of any benefit. Intervention would not vitiate the major obstacles she now faces in pursuing her claim in any court, *i.e.*, statute of limitations, res judicata, and/or collateral estoppel. Finally, Smith's intervention at this point would obviously cause substantial prejudice to the parties, who have resolved this action after 12 years of litigation. Even prior to the settlement, the case had progressed to a point where intervention would have caused substantial

-6-

prejudice.[4]  The Court concludes that Smith is not entitled to intervene as of right under Rule 24(a).

The Court turns to the question of permissive intervention under Rule 24(b).  Under this rule, the Court may, in its discretion, grant intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  The Court is directed to consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Factual differences between Smith's claim and the instant action weigh against discretionary intervention, particularly because Smith's exposure to carbonless copy paper occurred in a different workplace than plaintiffs' exposure.  Even assuming that Smith's claim has questions of law or fact in common with plaintiffs' claims, the Court has already found that intervention would cause substantial prejudice to the parties.  Smith's unexplained excessive delay also militates strongly against discretionary intervention.  Under all of the circumstances, in the exercise of its discretion, the Court denies permissive intervention under Rule 24(b).

## CONCLUSION

It is therefore

ORDERED that the motion by Brenda S. Smith (Dkt. No. 229) to intervene in the action is denied.

IT IS SO ORDERED.

April 14, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

---

[4] On February 14, 2006, the Court scheduled the trial for March 20, 2006.  Thereafter, the scheduling order was vacated to allow for dispositive motions in light of the Court's order precluding the plaintiffs' experts from giving expert testimony.  Prior to the motion filing date, the Notice of Settlement was filed.